

*United States District Court*
*Southern District of Texas*
*FILED*

*SEP 0 6 2001*

*Michael N. Milby*
*Clerk of Court*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO RAMIREZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-01-106 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION TO DISMISS AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent Janie Cockrell, Director of the Texas Department of Criminal Justice's Institutional Division, ("the Director"), by and through her attorney of record, the Attorney General for the State of Texas, and files this Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support. In support thereof, the Director would respectfully show the court the following:

**I.**

**JURISDICTION**

This court has jurisdiction over the parties and the subject matter, pursuant to 28 U.S.C. § 2241 and § 2254.

**II.**

**DENIAL**

The Director denies each and every allegation of fact made by petitioner, Rodolfo Ramirez, ("Ramirez"), except for those allegations supported by the record and for those allegations specifically admitted herein.

## III.

## STATEMENT OF THE CASE

Ramirez challenges the Director's lawful custody of him pursuant to a judgment and sentence from the 197th District Court of Willacy County, Texas, in cause number 2832, styled *The State of Texas v. Rodolfo Ramirez.*[1] *Ex parte Ramirez,* Application No. 47,696-01, at 108-111. Ramirez was charged with aggravated robbery. *Id.* at 99. On August 4, 1995, Ramirez pleaded guilty to the charged offense. *Id.* at 108-111. On that same date, the court accepted Ramirez's plea, found him guilty of the charged offense, and sentenced him to forty years imprisonment in the Texas Department of Criminal Justice, Institutional Division, ("TDCJ-ID"). *Id.*

Ramirez did not directly appeal his conviction. Fed. Writ Petition at 3. On July 26, 2000, Ramirez filed his only state writ of habeas corpus. *Ex parte Ramirez*, Application No. 47,696-01, at 1. On December 13, 2000, the Texas Court of Criminal Appeals denied the application without written order. *Id.* at cover.

A copy of Ramirez's state writ of habeas corpus will be sent to the court as soon as it is reproduced.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Ramirez to allege he was denied effective assistance of counsel because his counsel did not file customary defense pretrial motions. Fed. Writ Petition at 7.

---

[1] Ramirez is also being held pursuant to a judgment and sentence from the 138th District Court of Willacy County, Texas, in cause number 1900. Exhibit A (copy of commitment inquiry). On February 18, 1987, Ramirez was found guilty of murder with a deadly weapon and sentenced to twenty years confinement. Exhibit A.

2

## V.

## EXHAUSTION

Pending a ruling on this motion to dismiss as time-barred pursuant to 28 U.S.C. § 2244(d) with brief in support, the Director reserves the right to argue whether Ramirez has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c) on the allegation as construed above and, if not, whether the above allegation has been procedurally defaulted.

## VI.

**MOTION TO DISMISS AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d)**
**Standard of Review**

A petition for federal habeas corpus relief is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996(the "AEDPA") if the petition is filed after April 24, 1996 -- the effective date the federal habeas corpus statutes were amended. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998) (AEDPA applies to a petition filed by state prisoner after April 24, 1996); *see Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997) (AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996). The Director will assume *arguendo* that Ramirez filed his federal writ of habeas corpus on or near May 16, 2001, the date Ramirez signed the petition; therefore, Ramirez's writ petition is subject to review under the AEDPA. Fed. Writ Petition at 7.[2]

*Ramirez's Federal Writ Petition is Untimely Filed Pursuant to the AEDPA*

The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C.§ 2244(d) set forth four different scenarios that start

---

[2] In *Spotville v. Cain*, the Fifth Circuit held that a "*pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." 149 F.3d 374, 378 (5th Cir. 1998). For purposes of this motion, the Director will assume that the date the writ petition was signed was the day it was given to prison officials for mailing.

the running of the one-year limitations period:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Given that Ramirez complains of ineffective assistance of counsel at his guilty plea, the scenario which best applies to the instant petition is §2244 (d)(1)(A),[3] which commences the one-year period for filing from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review.

In the immediate case, Ramirez was sentenced by the 197th District Court of Willacy County, Texas, on August 4, 1995. *Ex parte Ramirez,* Application No. 47,696-01, at 108-

---

[3] The scenario described in (d)(1)(B) does not apply to state writs and does not apply in this case due to lack of assertion by Ramirez. Moreover, (d)(1)(C) does not apply because this case does not involve any claim of any new rights previously unrecognized by the Supreme Court. Finally, the federal habeas statute requires that the filing period commence from the latest of the four filing dates provided in 28 U.S.C.§ 2244 (d)(1)(A)-(D). As a result, (d)(1)(D) does not apply because although the factual basis of Ramirez's claim was immediately discoverable at the time of his conviction, (d)(1)(A) applies and provides a later starting date for the one-year filing period to commence. 28 U.S.C. § 2244 (d)(1)(A)-(D).

4

ClibPDF - www.fastio.com

111. Ramirez did not file a direct appeal (Fed. Writ Petition at 2); thus, his conviction became final at the end of thirty days, which is the amount of time he had to file such notice of appeal. *See* TEX. R. APP. PROC. 41(b)(1).[4] Consequently, the AEDPA's one-year statutory filing period, began on September 3, 1995, and expired by September 3, 1996. 28 U.S.C. § 2244(d)(1)(A). Therefore, since Ramirez filed his federal writ petition on May 16, 2001, it is four years and eight months late. Fed. Writ Petition at 9.

Following enactment of the AEDPA, courts recognized that if the one-year statutory period of limitations established by 28 U.S.C. § 2244(d)(1) was "literally and mechanically applied, then . . . any prisoner whose judgment of conviction had become final more than one year prior to the enactment of the AEDPA would have been barred from seeking collateral relief as of the moment the AEDPA was signed into law." *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998). While Ramirez would not have been completely barred, his time to file would have been reduced to only five months.

To avoid this result, courts determined that a reasonable time grace period must be allowed for prisoners to file their federal habeas petitions. As a result, the Fifth Circuit adopted a bright-line rule that "one year, running from the effective date of the AEDPA [April 24, 1996], constitutes a reasonable time." *Flores*, 135 F.3d at 1005. Accordingly, prisoners such as Ramirez whose convictions became final prior to the effective date of the AEDPA must file habeas petitions by no later than the one-year deadline of April 24, 1997, or face dismissal. *Id.*; *see also Flanagan v. Johnson*, 154 F.3d 914, 916 (5th Cir. 1998) (one-year grace period ends on April 24, 1997). Since Ramirez did not file the instant federal petition until May 16, 2001, his petition is over four years too late. Fed. Writ Petition at 9. Ramirez's claim is time-barred under the court-created one-year grace period and, thus, this claim should

---

[4] "(1) Time to Perfect Appeal. Appeal is perfected when notice of appeal is filed within thirty (fifteen by the State) days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge;" TEX. R. APP. PROC. 41(b)(1) (current version at 26.2(a)(1)).

be dismissed with prejudice as a matter of law.

Further, although the AEDPA provides a tolling provision, Ramirez cannot take advantage of it to extend the one-year deadline for filing his federal writ petition. The AEDPA provides tolling of the limitations period as follows:

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. §2244(d)(2); *Davis v. Johnson*, 158 F.3d 806, 810-811 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1474 (1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (*Flores*-created one-year grace period may also be tolled during the pendency of a properly filed application for state writ.). However, the only way the deadline can be tolled is for Ramirez to have properly filed an application for state court collateral review during the one-year grace period of April 24, 1996 and April 24, 1997.

In the instant case, no tolling event ever occurred during the one-year grace period. Ramirez's only state writ of habeas corpus was filed over three years after the grace period had ended. *Ex parte Ramirez*, Application No. 47,696-01, at 1. Therefore, no application for state court collateral review was pending during the grace period and, as such, tolling is not an issue. Accordingly, Ramirez's federal writ petition remains time-barred.

Furthermore, the fact that Ramirez may have been proceeding *pro se* during certain periods of time following his conviction does not excuse his failure to file this petition earlier. *Cf. Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner does not excuse prompt filing (citations omitted)"), *cert. denied*, 121 S. Ct. 1124 (2001); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse-of-the-writ). Moreover, Ramirez cannot claim that he could not comply with the statutory filing period because he did not learn of it in time. Ignorance

6

of the law does not excuse the failure to comply with the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 531 U.S. 1035, 121 S. Ct. 622 (2000). Finally, Ramirez's choice in waiting to pursue his claim in federal court should not excuse his failure to file the instant petition before the end of the limitations period. *See e.g., Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default), *cert. denied*, 519 U.S. 1093, 117 S. Ct. 772 (1997). Because Ramirez failed to file his federal writ within the applicable time limits, his writ petition is untimely and should be dismissed with prejudice as time-barred.

## VII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that his motion to dismiss be granted and that Ramirez's petition for federal writ of habeas corpus be dismissed with prejudice. In the event this court does not dismiss Ramirez's petition as time-barred, then the Director respectfully requests thirty days to further respond to Ramirez's allegation.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

7

_____
DENISE A. VILLARREAL*
Assistant Attorney General
State Bar No. 24008212
Southern Dist. No. 25,314

*Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Telephone: (512) 936-1400
Telecopier: (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Rodolfo Ramirez, petitioner, you are hereby notified that the foregoing motion will be brought before the court as soon as the business of the court permits.

_____
DENISE A. VILLARREAL
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Denise A. Villarreal, Assistant Attorney General for the State of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 4th day of September, 2001, addressed to:

Rodolfo Ramirez
TDCJ-ID No. 727876
McConnell Unit
3001 South Emily Drive
Beeville, Texas  78102

_____
DENISE A. VILLARREAL
Assistant Attorney General

8

# EXHIBIT A

```
CSIMF800/INI801                   MITMENT INQUIRY              (   )/01 08:08:29
INMTCICS/LHA9541 /JC01   TDCJ-ID NO: 00727876 SIDNO: 02418566
NAME: RAMIREZ,RODOLFO             APPL:        STATUS: A RC ML S3    #OFF: 03
 OLD TDC#: 00444360 CNTY CONV: 245                                          73RD
 OFF-REC:     1212 PRJ RL: XXXXXXXXXX REC:  08-15-1995 MAX-TERM:  40Y  0M  0D
 PEN-REC: 029.030  MAX-EX: 12-07-2034 BEGIN: 12-07-1994 PAR-ELIG: 12-06-2014
                                              INMATE TYPE: ID
   OFFCD: 13170000 AGGRV ASLT                   AGG                      65TH
    PENAL:000.000  MS:Y PLEA:G CAUSE:1901               CNT:    OFF:02-14-1986
    CC   CNTY OFF:245   CNTY/CRT:245 138 MAX TERM:    4Y   0M   0D BEG:01-05-1987
    MIN EXP:01-05-1991 MAX:01-05-1991 PAR ELIG:01-01-0001 SENTENCED:02-18-1987
    OFF TDCNO: 00444360                                 CTO DATE 01-01-0001
   OFFCD: 09150000 MURDER W/DEADLY WPN            DEADWPN    FLAT-ONLY   65TH
    PENAL:000.000  MS:Y PLEA:G CAUSE:1900               CNT:    OFF:02-14-1986
    CC   CNTY OFF:245   CNTY/CRT:245 138 MAX TERM:   20Y   0M   0D BEG:01-05-1987
    MIN EXP:04-28-1996 MAX:11-20-2007 PAR ELIG:01-01-0001 SENTENCED:02-18-1987
    OFF TDCNO: 00444360                                 CTO DATE 01-01-0001
   OFFCD: 12120000 AGG ROBBERY                    AGG        FLAT-ONLY   73RD
    PENAL:029.030  MS:N PLEA:G CAUSE:2832               CNT:    OFF:12-07-1994
    CC   CNTY OFF:245   CNTY/CRT:245 197 MAX TERM:   40Y   0M   0D BEG:12-07-1994
    MIN EXP:12-07-2034 MAX:12-07-2034 PAR ELIG:12-06-2014 SENTENCED:08-04-1995
    OFF TDCNO: 00727876                                 CTO DATE 01-01-0001
PF7:UP,PF8:DOWN,PF2 TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *RODOLFO RAMIREZ,* § | | |
| Petitioner, § | | |
| § | | |
| *V.* § | CIVIL ACTION NO. B-01-106 | |
| § | | |
| *JANIE COCKRELL, DIRECTOR,* § | | |
| *TEXAS DEPARTMENT OF CRIMINAL* § | | |
| *JUSTICE, INSTITUTIONAL DIVISION,* § | | |
| Respondent. § | | |

# ORDER

Came on this day to be considered, Respondent Cockrell's Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support and this court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is therefore ORDERED that Respondent Cockrell's Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) be, and hereby is, GRANTED, and petitioner's federal petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

It is further ORDERED that all motions filed by either party and not previously ruled upon by this court are hereby rendered MOOT.

It is so ORDERED.

SIGNED on this the _____ day of _____, 2001.

_____
JUDGE PRESIDING

ClibPDF - www.fastio.com