

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

SEP 14 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RODOLFO RAMIREZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-01-106 |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Rodolfo Ramirez (Petitioner), is currently incarcerated at the McConnell Unit of the Texas Department of Criminal Justice in Beeville, Texas. Ramirez challenges the Director's lawful custody of him pursuant to a judgment and sentence from the 197th District Court of Willacy County Texas, in cause number 2832, styled *The State of Texas v. Rodolfo Ramirez*. Ramirez was charged with aggravated robbery and on August 4, 1995, he pleaded guilty to that offense. On that same date, the court accepted Ramirez's plea, found him guilty of the charged offense, and sentenced him to forty years imprisonment in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID").

Ramirez did not directly appeal his conviction. On July 26, 2000, Ramirez filed his only state writ of habeas corpus. On December 13, 2000, the Texas Court of Criminal Appeals denied the application without written order. Petitioner Ramirez now seeks federal habeas relief pursuant to 28 U.S.C. § 2254 on the ground that he was denied effective assistance of counsel

1

prior to his guilty plea in state court. Respondent Cockrell has moved to dismiss the writ as time-barred pursuant to 28 U.S.C. § 2254(d).

## ANALYSIS

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Therefore, the Petitioner's writ petition is subject to review under the AEDPA.

The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2254(d) set forth four different scenarios that start the running of the one-year limitations period:

> (d)(1) A one-year period of limitation should apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1)(A-D).

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

2

Petitioner Ramirez complains of possible ineffective assistance of counsel at his guilty plea. Therefore, the scenario which best applies to the instant petition is § 2254(d)(1)(A). In Ramirez's case, the one-year period for filing begins on the day that his judgment became final by the conclusion of direct review or the date on which time expires for seeking such review.

Ramirez was sentenced by the 197th District Court of Willacy County, Texas, on August 4, 1995.[2] Ramirez's conviction became final thirty days later because he failed to file a direct appeal.[3] The Texas Rules of Appellate Procedure dictate that a conviction becomes final thirty days after sentencing if no appeal is taken.[4] Thus, the AEDPA's one-year statutory filing period began on September 3, 1995, and expired September 3, 1996.[5] Ramirez filed his federal writ petition on May 16, 2001, making it over four years late.[6] Additionally, all other interpretation of the AEDPA and its one-year time period with respect to Petitioner lead to the same result: Mr. Ramirez's claim is time-barred.[7]

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Writ of Habeas Corpus

---

[2] *Ex parte Ramirez*, Application No. 47, 696-01, at 108-111.

[3] *See* Fed. Writ Petition at 2.

[4] *See* TEX. R. APP. PROC. 41(b)(1).

[5] *See* 28 U.S.C. § 2244(d)(1)(A).

[6] *See* Fed. Writ Petition at 9.

[7] Petitioner did not properly file an application for state court collateral review within the allotted grace period, so under the AEDPA his federal deadline cannot be tolled. Additionally, the fact that Ramirez has proceeded *pro se* does not excuse his failure to file the petition on time. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert denied*, 121 S. Ct. 1124 (2001) (revealing that "ignorance of the law, even for an incarcerated *pro se* petitioner does not excuse prompt filing").

3

Pursuant to 28 U.S.C. § 2254 should be DENIED, and Respondent's Motion to Dismiss with prejudice should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 14th day of September, 2001.

                                                Felix Recio
                                      United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO RAMIREZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-01-106 |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is hereby DENIED. The Respondent's Motion to Dismiss with prejudice in accordance with 28 U.S.C. § 2254(d) is hereby GRANTED.

DONE at Brownsville, Texas this _____ day of _____, 2001.

_____
Hilda Tagle
United States District Judge

5